### KEY WEST BLDG. & LOAN ASS'N *v.* BANK OF KEY WEST.

*(Supreme Court, General Term, First Department.* March 31, 1892.)

VACATING ATTACHMENT—PARTIES.

 The receiver of a bank, who acquired title to attached property prior to the attachment, cannot move to vacate the same simply because, under such attachment against the bank, his property was seized; Code Civil Proc. § 682, allowing only those whose interests are acquired subsequent to the attachment to so move.

Appeal from special term, New York county.

Action by the Key West Building & Loan Association against the Bank of Key West to recover deposits. Henry L. Branch, receiver of the defendant, appeals from an order denying his motion to vacate an attachment against defendant, under which property was taken to which he claims title. Affirmed.

Argued before VAN BRUNT, P. J., and INGRAHAM and O'BRIEN, JJ.

*Billings & Cardozo,* (*Michael H. Cardozo* and *Edgar J. Nathan,* of counsel,) for appellant. *Kellogg, Rose & Smith,* (*L. L. Kellogg,* of counsel,) for respondent.

PER CURIAM. Without at all passing upon the question as to the validity of the attachment in the case at bar, in the disposition of this appeal it is sufficient to say that the title of the receiver to the property taken under this attachment against the bank having been acquired, if at all, prior to the issuing of the attachment, he has no standing in court to vacate the attachment, simply because under an attachment against the defendant they seized upon his property. If the title to the property had been acquired by the receiver subsequent to the attachment, then, by section 682 of the Code, he would have had a right to intervene, but, such not being the fact, no such right exists; the right of strangers to intervene being by the section of the Code limited to cases where interest in the property attached has been acquired from the defendant subsequent to its levy. No attachment against the defendant's property can affect in any way the right of the moving party here to

obtain possession of any property the title to which had vested in him prior to the levy of the attachment. The order appealed from should be affirmed, with $10 costs and disbursements. All concur.